UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANYALE SHARRON TUBBS,

    Petitioner,

v.

                                            CASE NO. 1:19-CV-19

SHANE JACKSON,                        HON. ROBERT J. JONKER

    Respondent.
_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (ECF No. 4), as well as the Objection and Supplement submitted by Petitioner. (ECF Nos. 8 & 9). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 451 (3d ed. 2014). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Petitioner's objections and supplement. After its review, the Court finds that Magistrate Judge Kent's Report and Recommendation, which concluded that Petitioner's habeas action is time-barred, is factually sound and legally correct.

**PETITIONER'S OBJECTION**

In his Objection, Petitioner does not dispute the Magistrate Judge's finding that, absent equitable tolling, his habeas petition is time-barred.[1] Instead, Petitioner asserts that he is entitled to equitable tolling. He claims that equitable tolling is appropriate because (1) he is not schooled in the law; and (2) during the time period in which he would have had to act to satisfy the statute of limitations, he was mentally incapable of doing so. Petitioner is not entitled to equitable tolling on either of these grounds.

Equitable tolling should be applied "sparingly." *See, e.g.*, *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2001); *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010); *Sherwood v. Prelesnik*. 579 F.3d 581, 588 (6th Cir. 2009). As the Magistrate Judge correctly pointed out, a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing both "(1) that he has been pursuing his rights diligently, and (2) that some

---

[1] The Magistrate Judge observed that Petitioner was sentenced on January 24, 2014, and he did not seek a direct appeal of his conviction. His conviction became final on July 24, 2014, upon the expiration of time for seeking a direct appeal. Petitioner thus had one year from July 24, 2014 to file his habeas petition. The Court notes an "Amended Judgment of Sentencing" dated February 13, 2014 in the records filed by Petitioner. (ECF No. 1-1, PageID.17). Assuming, without deciding, that this is the operative date for statute of limitations purposes, Petitioner's claim is still time-barred. Using this latter date, the expiration of time for seeking a direct appeal was on August 13, 2014 and Petitioner had until August 13, 2015 within which to file his habeas petition. Petitioner did not seek state collateral review until March 7, 2017, and such did not restart the expired clock for statute of limitations purposes. Accordingly the Magistrate Judge's conclusion that Petitioner's habeas petition is time-barred stands, even under this latter date.

extraordinary circumstance stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Petitioner has established neither.

Petitioner's assertion that he is entitled to equitable tolling because he is unschooled in the law fails. A lack of legal knowledge generally does not justify equitable tolling. *See, e.g.*, *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) ("ignorance of the law alone is not sufficient to warrant equitable tolling") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) ; *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) (noting that "even reasonable mistakes of law are not a basis for equitable tolling") (quotation omitted). Petitioner is not entitled to equitable tolling on the basis of his lack of legal knowledge.

In *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011), the Sixth Circuit adopted the reasoning of an unpublished Sixth Circuit decision, *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008), holding that "a petitioner's mental incompetence, which prevents the timely filing of a habeas petition, is an extraordinary circumstance that may equitably toll AEDPA's one-year statute of limitations." *Ata*, 662 F.3d at 742. For equitable tolling based on mental incompetence to apply, a petitioner must show that "(1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations." *Id.* "[A] blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Id.* In the context of equitable tolling, an evidentiary hearing on mental competence, "need not be provided as a matter of right," but "is required when sufficiently specific allegations would entitle the petitioner to equitable tolling on the basis of mental incompetence which cause the failure to timely file." *Id.*

Petitioner has not established that he was mentally incapable of pursuing his legal rights during the limitations period. The medical records Petitioner has submitted in his supplement fail

3

to demonstrate that mental incompetence actually caused his failure to comply with AEDPA's statute of limitations. While the records show Petitioner has been medicated steadily since his 2014 commitment and even before that commitment, there is no indication the medication prevented him from pursuing his legal remedies or from dealing with the MDOC legal writer program. To the contrary, Petitioner says he has been in the program from the very beginning of his prison sentence. (ECF No. 8, PageID.117). Furthermore, there is no indication from the transcripts of Petitioner's plea and sentencing hearings that Petitioner was as diminished in capacity as he presently asserts. Petitioner provided responsive answers to the State Judge's questions and recited facts; and at the end of the sentencing hearing, the State Court advised Petitioner of his appeal rights. The Presentence Investigation Report further records that Petitioner had obtained a GED. (ECF No. 1-1, PageID.40). Finally, as the Magistrate Judge properly found, during the limitations period Petitioner was able to obtain his plea and sentencing transcripts. (ECF No. 1-1, PageID.17). All this undermines any claim Petitioner makes that he was mentally incompetent to pursue his legal rights during the limitations period. *See Price v. Lewis*, 118 F. App'x 725, 726-27 (6th Cir. 2005) (explaining that mental illness tolls a statute of limitations only if it actually prevents the sufferer from pursuing his legal rights during the limitations period).

## CERTIFICATE OF APPEALABILITY

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a petitioner may not appeal in a habeas corpus case unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). The Federal Rules of Appellate Procedure extend to district judges the authority to issue certificates of appealability. FED. R. APP. P. 22(b); *see also Castro v. United States*, 310 F.3d 900, 901-02 (6th Cir. 2002) (the district judge "must issue or deny a [certificate of appealability] if an applicant files a notice of appeal pursuant to the explicit requirements of

Federal Rule of Appellate Procedure 22(b)(1)"). However, a certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

To obtain a certificate of appealability, Petitioner must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). While Petitioner is not required to establish that "some jurists would grant the petition for habeas corpus," he "must prove 'something more than an absence of frivolity' or the existence of mere 'good faith.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In this case, Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, he is not entitled to a certificate of appealability.

## CONCLUSION

The Magistrate Judge properly concluded that Petitioner's habeas corpus petition is barred by the one-year statute of limitations, and Petitioner is not entitled to a certificate of appealability. **ACCORDINGLY IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 4) is **APPROVED AND ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1) is **DENIED** because it is barred by the one-year statute of limitations, and

2. Petitioner is **DENIED** a certificate of appealability.

Date: March 25, 2019        /s/ Robert J. Jonker
                            ROBERT J. JONKER
                            CHIEF UNITED STATES DISTRICT JUDGE